**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAURA REYNOLDS,

Plaintiff,

v.

WAL-MART STORES, INC., et al.,

Defendants.

2:09-CV-1023 JCM (PAL)

**ORDER**

Presently before the court is plaintiff Laura Reynolds' motion to reopen case. (Doc. #58). To date, defendants have not responded.

This action was terminated on December 30, 2010, pursuant to the parties' stipulation of dismissal with prejudice. (Doc. #55). Apparently, the parties stipulated to dismiss the case because they had reached a settlement agreement between themselves. The stipulation, however, neither informs the court of the terms or existence of the settlement agreement. On June 29, 2011, six months after the case was closed, plaintiff's counsel filed a motion to enforce the settlement agreement. (Doc. #56). The court denied the motion. (Doc. #57).

Plaintiff's counsel now seeks to reopen the case, for the limited purpose of filing a second motion to enforce settlement. The motion cites no case law, but having reviewed relevant cases, the court finds it inappropriate to reopen the suit or render an order enforcing the settlement.

In *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), the Supreme Court reiterated the limited nature of the federal judiciary's jurisdiction and held that where parties stipulate to a dismissal with prejudice, pursuant to an unenumerated settlement agreement, the court does not retain jurisdiction to enforce the terms of that settlement. *Id.* at 381-82. In *Kokkonen*, the parties settled their dispute. Upon agreeing to settlement terms, they filed a stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). The stipulation of dismissal "did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement." *Id.* at 377.

The Supreme Court explained that because the parties agreed to dismiss with prejudice, and did not reserve any jurisdiction in the district court to enforce the settlement, the district court lacked the inherent authority to reopen the case and enforce the settlement agreement. *Id.* at 381-82. As the court explained, "enforcement of the settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. The court reversed the district court's order enforcing the settlement agreement, and remanded so the lower court could determine if there was an independent basis for federal jurisdiction. *Id.* at 382.

The facts of the instant case are materially indistinguishable from those in *Kokkonen*. Both litigants stipulated to dismiss the action *with prejudice.* The stipulation "did not reserve jurisdiction [in this court] to enforce the settlement agreement" nor did it "so much as refer to the settlement agreement." *Id.* at 377. The plaintiff now requests that this court reopen the case and enforce the settlement agreement, yet fails to provide any basis for this court's jurisdiction over the agreement. Pursuant to the holding and rationale of *Kokkonen*, this court declines plaintiff's invitation.

Accordingly,

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiff's motion to reopen case (doc. #58) be, and the same hereby is, DENIED.

DATED February 23, 2012.

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**